UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY P. CASTILLO,  **E-filing**<br><br>Plaintiff(s),<br>v.<br><br>EMCC INVESTMENT VENTURES,<br>Defendant(s). | No. C **08-02322 MEJ**<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |

FILED 08 MAY -5 PM 3: 42

   IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

   IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/5/2008 | Complaint filed | |
| 7/24/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 8/7/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 8/14/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. B, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

# Case Management Standing Order
# Magistrate Judge Maria-Elena James

San Francisco, Courtroom B, 15th Floor
Brenda Tolbert, Courtroom Deputy (415) 522-4708

1. Civil Law & Motion is heard on Thursdays at 10:00 a.m. Counsel need not reserve a hearing date for civil matters, but should confirm Judge James' availability in the legal newspapers and on the district court web site, www.cand.uscourts.gov. Motions are governed by the Civil Local Rules and the Federal Rules of Civil Procedure. Motions for summary judgment shall be accompanied by a joint statement of undisputed facts in compliance with Civil L. R. 56-2(b).

2. Criminal motions are scheduled with the courtroom deputy for any Thursday at 10:00 a.m. when the judge is available, or during the regular criminal calendar while Judge James is on criminal duty. Motions are governed by the Federal Rules of Criminal Procedure and the Criminal Local Rules.

3. Discovery disputes are governed by Judge James' discovery standing order, enclosed herewith and available on the Court's website.

4. Counsel shall meet and confer prior to the Case Management Conference and file a Joint Case Management Conference Statement no later than seven days prior to the c.m.c. The statement shall address the information contained in the Joint Case Management Statement and [proposed] Case Management Order form, enclosed herewith and available on the Court's website.

5. At least seven days prior to the c.m.c., each party shall file the magistrate jurisdiction consent/declination form, enclosed herewith and available on the Court's website. In the event that any defendant(s) files a motion to dismiss, defendant(s) shall file the consent/request form at the time the motion is filed and plaintiff(s) shall file the consent/declination form fourteen days thereafter, at the time the opposition is due.

6. In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

Dated: May 31, 2006

_____
Maria-Elena James
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER RE: DISCOVERY AND DISPUTE PROCEDURES FOR CASES ASSIGNED OR REFERRED TO MAG. JUDGE MARIA-ELENA JAMES**

This standing order informs a *pro se* party and/or counsel of the specific procedures for all cases, except those categories of cases listed in Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(E), assigned to Magistrate Judge Maria-Elena James for trial or referred for purposes of discovery. <u>All parties and counsel are required to follow these procedures.</u>

1. Parties shall propound disclosures and discovery in accordance with FRCP 26 and 30-36, and Civil Local Rules 26, 30, 33, 34 and 36. A copy of the Civil Local Rules for the Northern District of California is available at the Clerk's Office or for public viewing at the Court's internet site - http://www.cand.uscourts.gov. All requests for protective orders must comply with Civil Local Rule 79-5. Pursuant to FRCP 30(a)(2), no more than ten depositions may be taken except by order of the Court. Pursuant to FRCP 33(a) and Civil Local Rule 33-3, no more than 25 interrogatories shall be propounded except pursuant to stipulation or order of the Court.

2. The parties shall meet and confer regarding their initial disclosures pursuant to FRCP 26(f) and shall make disclosures pursuant to FRCP 26(a)(1)(E). The parties shall supplement their initial disclosures when required under FRCP 26(e)(1).

3. <u>The Court will not consider a formal motion to compel under Civil Local Rule 7.</u> Instead, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, if any disputes remain, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the joint letter the parties met and conferred **in person** for purposes of resolving the dispute; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority. The joint letter shall be signed by both parties, shall be limited to

five pages and may not be accompanied by exhibits or affidavits other than exact copies of disputed interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony.  The parties need not state all disputes in one letter; rather, it is preferable that the parties file a separate letter for each dispute.

4.     In the event that counsel is unable to meet and confer with a party or opposing counsel as directed above, counsel shall file a written request for a telephonic conference for the purpose of enforcing the Court's requirement to meet and confer, or for the Court to fashion an alternative procedure which satisfies the meet and confer requirement.  Counsel's written request shall state (1) three agreed upon prospective times and dates for the telephonic discovery conference to take place, (2) the anticipated length of the conference, and (3) the phone numbers at which counsel shall be contacted on the day of the conference.  A copy of the written request shall be served on opposing counsel and verification of said service shall be filed with the request.  Additionally, counsel shall file a declaration which states any attempt to meet and confer and the reasons for the inability to comply with this standing order.  Counsel may attach exhibits to support the declaration, but the declaration and exhibits combined may not exceed seven pages.  The Court will not excuse a party from the requisite in-person meeting unless good cause is shown.

5.     In the event that the parties are participating in a deposition or a site inspection and a discovery dispute arises regarding the deposition and/or site inspection, the parties may contact Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge James is available to resolve the parties' impending dispute telephonically.  In the event that Judge James is unavailable or the parties are unable to contact Judge James' courtroom deputy for any reason, the parties shall proceed follow the procedures for requesting a telephonic conference as set forth in paragraph 4 above.  The deposition or site inspection shall nevertheless proceed with objections noted for the record.

6.     In the event that a matter is to be taken off calender, or continued to a further date, a

2

1    written stipulation signed by the parties shall be filed with the Court for approval.

2    7.      Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the Court *ex parte* without prior notice to the opposing party.  Further, all communications or questions to the Court shall be presented to the Court in writing and shall be properly filed. Parties must certify to the Court that all parties were served a copy of the written communication.  Unless expressly requested by the Court, documents should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of Court.

8.      Parties shall not mail or fax to the Court copies of correspondence from a party regarding any dispute pending before the Court.

9.      Motions for sanctions shall be filed separately, pursuant to FRCP 37, and Civil Local Rules 7 and 37-3.  Any party seeking an award of attorney's fees or other expenses in connection with a motion shall file a declaration with the opposition or reply memorandum which itemizes with particularity the fees and expenses claimed.

10.     In all "E-Filing" cases, in addition to filing papers electronically, the parties shall lodge with chambers a printed copy of the papers by noon of the next court day after filing.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James" and include the case number.  Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures may result in sanctions, pursuant to FRCP 16(f) and Civil Local Rule 37-3.

**IT IS SO ORDERED.**

Dated: May 31, 2006

_____
MARIA-ELENA JAMES
United States Magistrate Judge

## NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial. In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties. An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition. Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

<u>Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.</u>

**IT IS SO ORDERED.**

Date: May 31, 2006

Maria-Elena James
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), <br> vs. <br><br> Defendant(s)._____/ | No. C          MEJ <br><br> **CONSENT TO ASSIGNMENT OR REQUEST FOR REASSIGNMENT** |

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 18 U.S.C. § 636(c), the undersigned party hereby consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of final judgment, and voluntarily waives the right to proceed before a United States District Judge.

Dated:_____        Signed by: _____

                                   Counsel for:_____

**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____        Signed by: _____

                                   Counsel for: _____

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.